UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
97 OCT 27 PM 4:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

WAYNE KOUF,  )
  )
   Plaintiff,  )
  )
vs.  )  Civil Action No. CV96-S-2989-S
  )
COWLES CREATIVE PUBLISHING, INC. )
  )
   Defendant.  )

ENTERED
OCT 2 7 1997

## MEMORANDUM OPINION

This action is before the court on two motions. On September 30, 1996, defendant Cowles Creative Publishing, Inc. filed its "Motion for Reconsideration of Partial Denial of Motion for Summary Judgment," seeking summary judgment on plaintiff's lone remaining claim for unjust enrichment.[1] Plaintiff has not responded to that motion in any way, except to file a motion for "Reconsideration for Court Ordered Mediation."

This court interpreted defendant's prior motion for summary judgment to challenge plaintiff's unjust enrichment claim only on the grounds that plaintiff could not prove damages, and that the "clean hands" doctrine prevented recovery. On motion for reconsideration, defendant asserts that a different theory was raised, but not considered: i.e., this court "did not consider Cowles's argument, noted in the original motion for summary

---

[1] "[A] denial of summary judgment is an interlocutory order, which the court may reconsider and reverse any time before entering final judgment." Millar v. Houghton, 115 F.3d 348, 350 (5th Cir. 1997). This action originally was filed in the Circuit Court for Jefferson County, Alabama, but removed by defendant pursuant to 28 U.S.C. § 1446, asserting diversity jurisdiction under 28 U.S.C. § 1441. Thus, this court will apply Alabama substantive law, and federal procedural law when reconsidering the motion for summary judgment. Hammer v. Slater, 20 F.3d 1137, 1140 (11th Cir. 1994).

46

judgment, that there cannot be a claim for unjust enrichment, essentially an implied contract, where the parties have an express contract on the same subject." (Motion for reconsideration at 1.)

A reasonable factfinder could only conclude that the parties entered into an express contract for "hiring and monitoring of rep groups throughout the country ..., initial and ongoing training of reps, communication of new title information, price increases, literature needs, etc. to sales force, and accompany reps on headquarters calls as needed." See (Evidentiary Submission in Opposition of Defendant's Motion for Summary Judgment exhibit 6 at 1.) For those services, plaintiff's sole compensation would be: 6.5% of defendant's net sales generated by sales representative groups; 5% of net sales generated by plaintiff's direct calls upon accounts; and, payment of travel expenses for the period plaintiff hired and trained representatives.[2] (Id. at 1-4.) This court's September 23, 1997 order found that defendant complied with the terms of the express contract, and granted summary judgment on plaintiff's breach of contract claim.

Because the court disposed of plaintiff's claim for breach of express contract, it construes the unjust enrichment claim as

---

[2]The terms of the express contract are made clear by the drafts of the agreement submitted by the parties. (Evidentiary Submission in Opposition to Defendant's Motion for Summary Judgment exhibit 6; Defendant's exhibit 1 attached to memorandum in support of summary judgment.) Although a representative of defendant never signed that agreement, plaintiff signed two drafts and the parties point to those drafts as demonstrative of their agreement.

2

seeking recovery under an implied contract.³ "It has long been recognized in Alabama that the existence of an express contract generally excludes an implied agreement relative to the same subject matter." *Vardaman v. Florence City Board of Education*, 544 So.2d 962, 965 (Ala. 1989). Plaintiff's unjust enrichment claim pertains to the same subject matter as his express contract claim: "He recruited, hired and trained representatives as agreed and spent a vast amount of time traveling and visiting major accounts." (Plaintiff's opposition to defendant's motion for summary judgment at 7 (citations omitted).) Thus, there can be no implied contract, and summary judgment is appropriate on the unjust enrichment claim.⁴

**DONE** this the 27th day of October, 1997.

_____
United States District Judge

---

³The unjust enrichment claim seeks to recover "the full value [of plaintiff's) work and labor." (Complaint at 3.) "In order to recover for work and labor done, a contract must exist, either express or implied." G.S. Gothard and Son Contractors, Inc. v. Mansel, 611 So.2d 1101, 1103 (Ala. Civ. App. 1992).

⁴The court also finds that plaintiff's motion for "Reconsideration for Court Ordered Mediation" is due to be denied.